18718.  RANSOM *et al. v.* JACOBSON.

DECIDED FEBRUARY 28, 1929.

*James E. Warren,* for plaintiffs.  *Clarke & Clarke,* for defendant.

STEPHENS, J. (After stating the foregoing facts.) We do not think that the evidence conclusively and as a matter of law demands the finding that it was agreed between the plaintiffs and the defendant to make a permanent reduction in the monthly rental contracted for, or that the defendant was relieved of the contract. We think the evidence is sufficient to authorize a finding, if it does not as a matter of law demand, that the plaintiffs, from time to time and for stipulated periods within the time of the lease, waived their right to the monthly rental of $800 contracted for, and accepted in full settlement for particular months, certain sums agreed upon in amounts less than the monthly rental of $800 con-

tracted for. It is clear and without dispute, as appears from the last agreement respecting a reduction of rent, namely the one of August 18, 1925, that the reduction would last only until January 1, 1926, "unless owners decide to extend the same reduction in rent." So far as this communication is concerned, it is clear and without dispute that after January 1, 1926, the rent contract would continue in full force under the terms of the lease contract, which provided for a monthly rental of $800 until the date of its expiration, April 30, 1927.

While the evidence may not be conclusive as to whether the plaintiffs agreed with the defendant to cancel the lease, we are of the opinion that the evidence is sufficient to authorize a finding that there was no agreement canceling the lease, but that the plaintiffs were merely willing, and were endeavoring, for the mutual benefit of themselves and the defendant, to substitute another tenant for the defendant. As to the defendant's vacating the premises before the plaintiffs obtained another tenant, and without the plaintiffs and the defendant coming to any terms relieving the defendant and substituting therefor another tenant, the evidence certainly does not demand an inference that the defendant, who had already vacated the premises, was relieved of his obligation under the lease by the plaintiffs' subsequent leasing of the premises to another. The tenant continued to occupy the premises from the first of January 1926 until he vacated it at the end of that month, and paid $800 as rental for that month. While it is true that this payment was made after the plaintiffs had issued a distress warrant for the rent for that month, the tenant nevertheless in fact paid the contract rental for the month of January, 1926, although it is true he may not have considered that it was legally due, and that he paid it for the purpose of relieving himself of the levy under the distress warrant.

We are of the opinion that the evidence was sufficient to authorize a verdict in some amount for the plaintiffs, and that the court erred in directing a verdict for the defendant.

*Judgment reversed. Jenkins, P. J., and Bell, J., concur.*